IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

**CHARLES LOWE**　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

V.　　　　　　　　　　　　　　　　　　CAUSE NO.: 4:02-cv-162-3 (CDL)

**VALLEY SERVICES, INC.**　　　　　　　　　　　　　　　　**DEFENDANT**

### ANSWER AND AFFIRMATIVE DEFENSES

　　The Defendant, Valley Services, Inc. ("Valley"), hereby answers the allegations made against it in the Complaint as follows:

　　1.　Valley is not called upon to admit nor deny the Plaintiff's recitation of the federal statute under which he files suit in Paragraph 1 of the Complaint, but out of an abundance of caution, Valley denies any allegations contained in that paragraph.

　　2.　Valley admits that this Court has jurisdiction for this matter as alleged in Paragraph 2 of the Complaint.

　　3.　Valley denies the allegations contained in Paragraph 3 of the Complaint.

　　4.　Valley is without knowledge sufficient to respond to the allegations contained in Paragraph 4 of the Complaint and therefore denies those allegations.

　　5.　Valley admits the allegations contained in Paragraph 5 of the Complaint.

　　6.　Valley denies the allegations contained in Paragraph 6 of the Complaint.

　　7.　Valley admits the allegations contained in Paragraph 7 of the Complaint.



8.   Valley admits that it employed the Plaintiff from December 1992 to April 2002, and that he served in a number of positions during that period. Valley denies all remaining allegations contained in Paragraph 8 of the Complaint.

Valley further states its objection to the prolix nature of Paragraphs 8 to 19 of the Complaint. The Plaintiff has combined numerous facts and details into single paragraphs in contravention of Fed. R. Civ. P. Rule 8(a)'s requirement of "short and plain" statements of the Plaintiff's averments and Rule 8(e)(1)'s requirement that averments be "simple, concise and direct," thereby rendering succinct admissions or denials of each such paragraph less feasible.

9.   Valley denies the allegations contained in Paragraph 9 of the Complaint.

10.   Valley admits that the Plaintiff did work for a period of time as a resource manager in Georgia for Valley but denies all remaining allegations contained in Paragraph 10 of the Complaint.

11.   Valley denies the allegations contained in Paragraph 11 of the Complaint.

12.   Valley denies the allegations contained in Paragraph 12 of the Complaint.

13.   Valley denies the allegations contained in Paragraph 13 of the Complaint.

14.   Valley denies the allegations contained in Paragraph 14 of the Complaint.

15.   Valley denies the allegations contained in Paragraph 15 of the Complaint.

16.   Valley admits that it terminated the Plaintiff on or about April 19, 2002, due to performance issues but denies all remaining allegations contained in Paragraph 16 of the Complaint.

17.   Valley denies the allegations contained in Paragraph 17 of the Complaint.

18.   Valley denies the allegations contained in Paragraph 18 of the Complaint.

19. Valley denies the allegations contained in Paragraph 19 of the Complaint.

20. Valley denies the allegations contained in Paragraph 20 of the Complaint.

21. Valley denies the allegations contained in Paragraph 21 of the Complaint.

22. Valley denies the allegations contained in Paragraph 22 of the Complaint.

23. Valley denies the allegations contained in Paragraph 23 of the Complaint.

24. Valley is not called upon to respond to the Plaintiff's request for a jury trial contained in Paragraph 24 of the Complaint, but out of an abundance of caution, Valley denies any allegations contained in that paragraph.

25. Valley denies the allegations contained in the Prayer for Relief which follows Paragraph 24 of the Complaint, and specifically avers that the relief sought in the Prayer for Relief and in each of its subparagraphs is not supported by the law or the evidence, and that the Plaintiff is entitled to no relief whatsoever from Valley.

## **AFFIRMATIVE DEFENSES**

Now having answered the allegations made against it in the Complaint, Valley asserts the following affirmative defenses:

26. The Complaint fails to state a claim for which relief can be granted.

27. All actions taken by Valley were for legitimate, non-discriminatory, lawful reasons and are in no way based upon the Plaintiff's race.

28. Some or all of the Plaintiff's causes of action are time-barred by the applicable statutes of limitations.

29. The Plaintiff failed to mitigate the consequences for the actions for which he now complains.

30. The Plaintiff is not entitled to some or all of the damages sought as a matter of fact and/or as a matter of law and/or because the damages sought are unconstitutional and in violation of federal and Geogia state law. In the alternative, the damages sought by the Plaintiff should be capped in conformity with the limitations of 42 U.S.C. § 1981a.

31. Some or all of the Plaintiff's allegations should be dismissed because they were not made a part of a timely-filed EEOC charge.

32. Some or all of the Plaintiff's allegations should be dismissed because they are outside the scope of a cause of action brought pursuant to 42 U.S.C. § 1981.

Now having fully answered all of the allegations made against it in the Complaint, Valley moves the Court to dismiss the Complaint in its entirety with prejudice with all costs and legal fees to be taxed to the Plaintiff.

Respectfully submitted, this 20th day of November, 2002.

*Melissa R. McAllister*

**RICHARD A. HAMMOND** (Lead Counsel)
MS Bar No. 10414/LA Bar No. 25407
The Kullman Firm
A Professional Law Corporation
210 E. Capitol Street, Suite 2160
Jackson, Mississippi 39201
Tel.: (601) 355-1994
Fax: (601) 355-1998

**JONATHAN S. HARBUCK**
AL Bar No. ASB 0906-U70J
The Kullman Firm
A Professional Law Corporation

       600 University Park Place, Suite 340
       Birmingham, Alabama 35209
       Tel: (205) 871-5858
       Fax: (205) 871-5874

       **MELISSA R. MCALLISTER**
       GA Bar No. 601598
       Miller, Lee, Goodrum & McAllister, P.C.
       233 12th Street, Suite 910
       Post Office Box 1520
       Columbus, GA 31902
       Tel: (706) 322-4220
       Fax: (706) 322-9487

       **COUNSEL FOR THE DEFENDANT,
       VALLEY SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November, 2002, I caused to be served a true and correct copy of the foregoing document by United States mail, postage prepaid, upon the following:

       John C. Davis, Esq.
       Spriggs & Davis
       324 W. College Avenue
       Tallahassee, FL 32301

       */s/ Melissa R. McAllister*