IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

CHARLES LOWE,                *

    Plaintiff            *

vs.                          *

                                    CASE NO. 4:02-CV-162-3 (CDL)

VALLEY SERVICES, INC.,       *

    Defendant            *

## RULES 16 AND 26 ORDER

**TO: COUNSEL (OR PARTIES IF UNREPRESENTED BY COUNSEL):**

Your attention is directed to Rules 16 and 26 of the Federal Rules of Civil Procedure and to this Court's local rules, a copy of which can be obtained from our clerk's office.

Rules 16(b) and 26(f) require the parties to confer, develop a proposed discovery plan, and submit a report to the presiding judge. A scheduling order must then be entered. You are directed to confer within 30 days of the date of this order to discuss the contents and form of the Proposed Scheduling/ Discovery Order.

A joint report in the form of a single proposed scheduling order is due for this case and must be filed with the Court no later than **January 6, 2003**. If the parties cannot agree, the proposed order shall state their differences and specify their respective positions. A party who cannot gain the cooperation of the other party in preparing the proposed order should advise the Court prior to the due date of the proposed order of the other party's failure to cooperate.

A proposed scheduling order shall include suggested time limits for Rule 16(b), items (1) through (3); the name and address of every witness to be deposed, including the proposed time, date, and place for each deposition; the estimated cost of all discovery, including attorneys fees; the name, address, and telephone number of lead counsel for each party; the date the complaint was filed and the date the complaint was answered. The proposed scheduling order may also include such other matters as the parties deem appropriate in the



ENTERED ON DOCKET
 11/21      , 2002
Gregory J. Leonard, Clerk

Deputy Clerk

circumstances of the case. **Below the signatures of counsel the proposed order should include a date line and a signature line for the Court.**

It is the Court's expectation that absent good cause shown all discovery will be completed within six months after the filing of responsive pleadings or a motion staying filing of responsive pleadings. If the parties believe a greater discovery time is necessitated, state why in the proposed order and leave of Court must be obtained. **The parties are directed to include in the proposed scheduling order the specific date that discovery will expire.**

The parties shall be under a continuing duty to supplement all disclosures and responses in accordance with Local Rule 26(e). Please note that if disclosures are not complete, including a separate listing of the name and last known address of each potential witness, then the failure to provide complete disclosure may result in the exclusion of testimony from any witness who is not properly disclosed . It is not sufficient to disclose the identity of potential witnesses by simply describing categories of persons, such as "all of plaintiff's medical providers contained in plaintiff's  medical records." Disclosure shall be by specific name, if known or reasonably ascertainable. If specific disclosure is not possible, an explanation as to why such disclosure is not possible shall be given.

Any party who desires to use the testimony of an expert witness will be required to designate the expert according to the following schedule, so that the expert will be identified sufficiently early in the discovery period to give the opposing party the opportunity to depose the expert. A plaintiff desiring to use the testimony of an expert must disclose the identity of the expert within 90 days after the filing of the last answer of the defendants named in the original complaint. A defendant desiring to use the testimony of an expert must disclose the identity of the expert within 120 days after the filing of the last answer of the defendants named in the original complaint. In the event a defendant designates an expert where plaintiff has not previously designated an expert, plaintiff shall have an additional 30 days to designate a rebuttal expert witness. Any disclosure of an expert witness must be accompanied by a written report prepared and signed by the expert in accordance with the requirements of Rule 26(a)(2)(B). The provisions of this order concerning the identification of expert witnesses may not be changed by the Joint Scheduling/Discovery Order submitted by the parties.

All dispositive motions will be filed within 45 days of the close of discovery and will not exceed 20 pages unless otherwise ordered by the Court. Pursuant to Local Rule 7, respondent shall have 20 days and no more than 20 pages to respond to the dispositive motion and movant shall have 10 days thereafter and no more than 10 pages to file a reply. **The parties shall include in the proposed scheduling order the specific date by which dispositive motions shall be filed.**

Do not send courtesy copies of letters, motions or briefs to the Court.

Local Rule 34 limits production requests to 10 per party; and Local Rule 36 limits requests for admission to 15 per party. A copy of the proposed scheduling order must be served upon each party.

The proposed scheduling order will be carefully considered and, subject to such changes as may be deemed appropriate, either adopted by the Court or discussed with counsel in person or by conference call.

**SO ORDERED,** this the 21st day of November, 2002.

_____
CLAY D. LAND, Judge
United States District Court