IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **CHARLES LOWE** | **PLAINTIFF** |
| V. | CAUSE NO.: 4:02-cv-162-3 (CDL) |
| **VALLEY SERVICES, INC.** | **DEFENDANT** |

## DEFENDANT'S MOTION TO ENFORCE SETTLEMENT

The Defendant, Valley Services, Inc. ("Valley"), hereby moves this Honorable Court to enforce the terms of the Release and Settlement Agreement entered into between Valley and the Plaintiff, Charles Lowe, in connection with which this Court entered an Order of Dismissal on September 8, 2003. As grounds for the aforesaid motion, Defendant shows unto the Court the following:

1. This action proceeded through extensive discovery and the parties entered into settlement negotiations in May 2003. Several communications were exchanged between Valley's counsel and Plaintiff's counsel John Davis and settlement talks progressed.

2. Without any prior warning or notification, and after nearly two weeks with no response to its last offer, Valley was notified by Mr. Davis on or about July 2, 2003, that he had been fired by the Plaintiff and he was withdrawing as counsel of record.

3. The Court granted Mr. Davis' withdrawal from the case by Order entered July 21, 2003.

4. At around the same time as Mr. Davis' withdrawal was approved by the Court, Valley's counsel was contacted by attorney Lisa Lyons Ward, of Elliott City, Maryland, who



represented that she had been retained by the Plaintiff to prosecute his lawsuit and would be back in touch soon to re-commence settlement negotiations.

5. With a dispositive deadline quickly approaching (September 3), Valley's counsel was contacted by Ms. Ward on behalf of her client on August 18 with a new settlement offer and settlement talks resumed. At approximately the same time in mid-August 2003, Mr. Davis informed undersigned counsel that he had a material dispute with the Plaintiff over claimed attorney's fees, and transmitted a notice stating that he claimed a lien to recover legal fees and expenses owed to him by the Plaintiff.

6. On August 25, 2003, about one week prior to the dispositive motion deadline, legal counsel for both parties finally reached a settlement agreement, the specific terms of which included the payment of one sum to the Plaintiff for claimed lost wages, another for non-economic damages, another for fees to attorney Ward, and a final sum for the compromise of disputed fees with Mr. Davis. These terms were memorialized in writing by counsel for Valley on that date. Because the settlement includes a confidentiality provision, Valley provides a copy of the letter from Valley's counsel to Ms. Ward on the morning of August 25 under seal for the Court to review in camera. As reflected in the correspondence, the very first paragraph outlining terms of the settlement states, in pertinent part, "Your client will be **solely** responsible for paying the attorney fees of his former attorney, John Davis, out of his own settlement proceeds, and Valley will in no way be responsible for satisfying Davis' lien for attorney fees."

7. Subsequent to their agreement on the terms of the settlement, the Plaintiff executed a detailed, six-page Release and Settlement Agreement acknowledging the above terms and specifically agreeing that a portion of the settlement sum was to be placed in escrow for resolving his fee dispute with Mr. Davis. A copy of the Release and Settlement Agreement is provided only to the Court under seal to be reviewed in camera. As reflected in the Release and

Settlement Agreement, Mr. Davis' interests as the Plaintiff's former attorney are protected in Paragraphs 1, 5b and 8 of the Agreement in which it was specifically agreed that the Plaintiff was solely responsible for paying Mr. Davis's legal fees, that the Plaintiff was to place a certain amount of the settlement proceeds in escrow for this very purpose, and that the Plaintiff would defend, indemnify and hold harmless Valley for any claim by Mr. Davis that he was owed such legal fees and expenses.

8. In reliance upon execution of the Release and Settlement Agreement by the Plaintiff and by Ms. Ward, his legal counsel, Valley paid all sums as agreed and has performed all of its obligations under the Release and Settlement Agreement. A letter to the Plaintiff from Valley's counsel which accompanied transmittal of the checks to him on September 4 again specifically noted that the Plaintiff was to place a portion of the funds in escrow to resolve the attorney fee issue between the Plaintiff and John Davis, and that it was the Plaintiff's responsibility to resolve that issue and satisfy Mr. Davis's lien for legal fees. A copy of this letter is provided to the Court under seal to be reviewed in camera.

9. On September 11, 2003, Valley's counsel was informed by Mr. Davis that, to date, the Plaintiff has failed or refused to attempt any compromise of their fee dispute, a material obligation of the Release and Settlement Agreement for which Valley negotiated in good faith and paid valuable consideration. Communication with Ms. Ward on September 12, 2003, indicated that the Plaintiff has placed the funds in escrow as contemplated by the settlement terms, but that the resolution of the fee dispute with Mr. Davis had not yet been effectuated.

10. Plaintiff's delay, failure or refusal to perform these remaining obligations constitutes a material breach of his obligations under the Release and Settlement Agreement, for which Valley seeks specific performance.

11.     As the sealed correspondence and Release and Settlement Agreement attached hereto indicate, Valley negotiated with the Plaintiff's counsel to resolve this matter and a material term of that settlement was for the Plaintiff to resolve and satisfy this fee dispute with his former attorney. Valley has acted in good faith during the course of settlement negotiations and even ensured that Mr. Davis' rights were protected after he had been terminated by the Plaintiff. It is incumbent upon the Plaintiff to satisfy the remaining terms of the Release and Settlement Agreement.

WHEREFORE, PREMISES CONSIDERED, Defendant Valley Services moves this Court: (1) to order the Plaintiff to comply with the provisions of the Release and Settlement Agreement pertaining to his fee dispute with Mr. Davis, (2) to give sufficient proof that said obligations have been discharged, and (3) in the interim, to enjoin the Plaintiff from any dissolution of the settlement funds before such obligations have been satisfied or (4) in the alternative, order the Plaintiff to submit a portion of the settlement funds into the Court's registry so that the Court may determine the proper disbursement between Plaintiff and his former counsel, Mr. Davis.

Respectfully submitted, this 12th day of September, 2003.

RICHARD A. HAMMOND (Lead Counsel)
MS Bar No. 10414/LA Bar No. 25407
The Kullman Firm
A Professional Law Corporation
210 E. Capitol Street, Suite 2160
Jackson, Mississippi 39201
Tel.: (601) 355-1994
Fax: (601) 355-1998

**JONATHAN S. HARBUCK**
AL Bar No. ASB 0906-U70J

The Kullman Firm
A Professional Law Corporation
600 University Park Place, Suite 340
Birmingham, Alabama 35209
Tel: (205) 871-5858
Fax: (205) 871-5874

**MELISSA R. McALLISTER**
GA Bar No. 601598
Miller, Lee, Goodrum & McAllister, P.C.
233 12th Street, Suite 910
Post Office Box 1520
Columbus, GA 31902
Tel: (706) 322-4220
Fax: (706) 322-9487

**COUNSEL FOR THE DEFENDANT,
VALLEY SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of September, 2003, I caused to be served a true and correct copy of the foregoing document by <u>facsimile</u> and by <u>United States mail</u>, postage prepaid, upon the following:

John C. Davis, Esq.
Spriggs & Davis
324 W. College Avenue
Tallahassee, FL 32301
Facsimile No. (850) 224-8836

Lisa Lyons Ward, Esq.
Attorney At Law
4638 Chatsworth Way
Ellicott City, MD 21043-6563
Facsimile No. (410) 203-2644

*/s/ Melissa R. McAllister*