IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

CHARLES J. LOWE,            *

    Plaintiff           *

vs.                         *

                               CASE NO. 4:02-CV-162-3 (CDL)

VALLEY SERVICES, INC.,      *

    Defendant           *

O R D E R

The Court presently has pending before it Defendant's Motion to Enforce Settlement. Because the Court lacks subject matter jurisdiction over this matter, Defendant's motion must be denied.

Plaintiff filed his complaint pursuant to 42 U.S.C. § 1981 claiming that Defendant had discriminated against him based upon his race. On September 8, 2003, the Court entered an "Agreed Order of Dismissal," stating as follows: "At the request of the parties upon being informed that this matter has been resolved, the Court hereby dismisses this matter with prejudice with each party to bear its own costs." Subsequent to the entry of this order of dismissal, Defendant on September 12, 2003, filed its motion to enforce settlement requesting that this Court enforce the terms of the Release and Settlement Agreement entered into between the parties, which settlement resulted in the Court's entry of dismissal.

It is clear that "[e]nforcement of [a] settlement . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378 (1994). The dispute now



existing between the parties is a contractual one relating to the terms and conditions of the settlement agreement. No independent basis exists for federal jurisdiction over this state law contractual dispute. Moreover, the Court rejects any argument by Defendant that the Court should exercise ancillary jurisdiction to enforce the settlement agreement. *See Kokkonen,* 511 U.S. 380-81. In its order dismissing the case, the Court did not retain jurisdiction over this matter or incorporate the settlement agreement into the order.[1]

The Court finds that it lacks subject matter jurisdiction over the present dispute between the parties, which is now essentially a state law breach of contract claim. Accordingly, Defendant's motion is denied.

IT IS SO ORDERED, this 5th day of November, 2003.

_____
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

[1] If the dismissal order had incorporated the settlement agreement or retained jurisdiction, then the Court arguably could have exercised jurisdiction to enforce its order (not the settlement agreement).